### P. S. HAMLIN *v.* ALICE THOMPSON, ET AL.

**Petition for Money Had and Received—Stale Claim.**

> When a party comes into a court of equity to recover an old stale demand which is barred at law, and the proof is reasonably clear that he is not entitled to it, equity should refuse him relief.

#### APPEAL FROM McCRACKEN COURT OF COMMON PLEAS.

September 8, 1877.

OPINION BY JUDGE ELLIOTT:

In the year 1858 or 1859 appellant employed R. F. Stone and A. T. Thompson, attorneys-at-law, to bring an action against J. F. Harris for the value of a slave who was drowned in the Tennessee river whilst in Harris's service, who before that time had hired the slave of appellant. Stone and Thompson brought the suit, which was afterwards compromised by the payment of $300 by Harris to Thompson.

By the agreement between appellant and his attorneys he was to pay them a sum equal to two-thirds of the amount that they should recover in the action against Harris. Thompson paid appellant one hundred dollars, and it may be presumed paid Stone one hundred dollars. About the beginning of the late war he made a deed of trust to P. Geiser, in trust for his mother, Alice Thompson, of all his property subject to the payment of his debts, and joined the confederate army, and was afterwards killed whilst a soldier in the same. This action was brought by appellant in 1874 against Alice Thompson and

Geiser to recover $100 which appellant claims is still due from Thompson on the amount paid by Harris to him for the negro boy drowned whilst in Haris's employ.

The appellees answered and denied that they owed anything, and also denied that Thompson had not paid all that was due appellant on the compromise of his suit with Harris, and also relied on the statute of limitation. On the trial of the action the appellees read the covenant of appellant with Stone and Thompson to pay them a sum equal to two-thirds of the amount he should recover against Harris, and appellant proved by Harris that on a compromise of the suit of appellant against him he had paid Thompson $300.

This action was brought about fifteen or sixteen years after Harris paid Thompson the money, and by the agreement between appellant and Thompson and Stone he was to pay them a sum equal to two-thirds of the amount of his recovery, and this fee was not even to be abated by the death of either of the attorneys, and it is now urged that appellant ought to recover because the appellees failed to set up the covenant made between appellant and Stone and Thompson as a set-off or counterclaim.

It seems to us that this claim is old and stale, and the proof is clear that the appellant received all that was due him from Harris, to wit: one-third of the amount which, by the compromise, he recovered against him, and although the appellees have failed to set up Thompson's fee by way of counterclaim, still, when a party comes into a court of equity to recover an old stale demand which is barred at law, and when the proof is clear that he is not entitled to it, equity should refuse him relief.

Wherefore the judgment of the lower court is *affirmed*.

*King & Gilbert, for appellant. P. D. Geiser, for appellees.*